REID COLLINS & TSAI LLP
Angela J. Somers
Jeffrey E. Gross
One Penn Plaza, 49th Floor
New York, New York 10119
(212) 344-5200

*Special Counsel for Yann Geron, Chapter 7 Trustee
of the Estate of Thelen LLP*

**Hearing Date: July 9, 2015
at 10:00 a.m. (EDT)
Response Deadline: July 2, 2015**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:

        THELEN LLP,

                         Debtor.

----------------------------------------------------------X

Chapter 7

Case No. 09-15631 (ALG)

## SEVENTH FEE APPLICATION FOR ALLOWANCE OF COMPENSATION BY REID COLLINS & TSAI LLP, TRUSTEE'S SPECIAL COUNSEL

Reid Collins & Tsai LLP ("**RCT**" or "**Special Counsel**"), Special Counsel to Yann Geron ("**Trustee**"), as chapter 7 trustee of the estate of Thelen LLP (the "**Debtor**" or "**Thelen**"), submits this seventh application (the "**Seventh Application**") for compensation pursuant to Sections 327 and 328 of title 11 of the United States Code ("**Bankruptcy Code**") and respectfully sets forth and represents as follows:

### PRELIMINARY STATEMENT

Special Counsel was formally retained in this case on May 28, 2013, to pursue over 70 actions against former partners of Thelen. As of the date of the RCT's first fee application approved by this Court in October of 2013 (the "**First Application**"), RCT had settled 44 partner actions and sought contingency fees relating to those settlements ("**Group 1 Settlements**"). The

Group 1 Settlements were approved and contingency fees due RCT relating to Group 1 Settlements were also granted by this Court at that time.

Subsequently, RCT settled six more partner actions and this Court approved those settlements by orders dated January 24, 2014. Further, from January of 2014 until the date of the next fee application, four more settlements were reached and approved ("**Group 2 Settlements**"). [1] The Second Application for Allowance of Compensation by Special Counsel was thereafter filed requesting a fixed fee for the third quarter in which RCT was retained, to be offset against the contingency fee earned on the Group 2 Settlements ("**Second Application**").[2]

From that time until the submission of this Sixth Application, the fee applications filed by RCT were based purely on a request for a fixed fee. Special Counsel filed a third fee application (for months March, April and May, 2014) ("**Third Application**"), a fourth fee application (for months June, July and August, 2014) **("Fourth Application")**, and a fifth fee application (September, October, November, 2014) ("**Fifth Application**") for payment of a fixed fee that did not reflect any contingency fees earned as the Trustee proceeded against the 12 remaining defendants.[3]

In the Sixth Fee Application ("**Sixth Application**") period covering the months of December 2014 through February 2015, the Trustee litigated with the remaining nine defendants and received a judgment in his favor against nine defendants as to liability on the overcompensation and excess advances claim as reflected in the Memorandum Decision issued on November 20, 2014, denying Trustee's Motion to Compel Arbitration, Denying Defendants'

---

[1] Certain partner actions were dismissed and two partner actions were settled by the Trustee's general bankruptcy counsel as part of the hardship program.

[3] During this period, as to these 12 defendants, the actions against two of the defendants were dismissed based on individualized contracts, while one defendant, Mr. Gregory P. O'Hara, agreed to arbitration and another defendant, Mr. Edmund D. Cooke, filed for chapter 7 relief under the Bankruptcy Code. The O'Hara claim was eventually resolved by binding mediation, which took place on April 1, 2015 (during the Seventh Fee Application period).

Motion for Partial Summary Judgment, and Granting Summary Judgment to the Trustee on His Contract Claims ("**Memorandum Decision**").The Court also entered an Order providing that, while the liability of the Defendants had been established, the amount of damages and interest would be determined after a trial on these issues. The trial was to follow a 60-day discovery period. The Trustee and Defendants then engaged in extensive discovery, including the production of documents through the holiday season. At the same time, the parties discussed settlement of the matter. This resulted in a consensual resolution of eight of these actions ("**Group 3 Settlements**").

This Seventh Fee Application is submitted for the period of March, April and May, 2015. Having settled all but one adversary proceeding against Mr. Gary Fontana, the Trustee's efforts were focused on litigating the amount of the damage claim with Mr. Fontana. Discovery in Fontana Adversary Proceeding No. 11-02648 was extended until June 5, 2015 and a trial is scheduled for July 14, 2015. No contingency fee is owed during this period, and the Trustee seeks to receive the fixed fee of **$45,000** for this quarter together with reimbursement of out of pocket expenses in the amount of **$714.75**.

## BACKGROUND

### A. First Fee Application Period

At the end of May 2013, this Court approved the retention of RCT as Special Counsel to the Trustee as of May 2, 2013, to pursue claims against over 70 former partners ("**Partners**") of Thelen that had not yet settled with the Trustee. These claims were based on turn-over, breach of the partnership agreement(s), fraudulent transfer and other legal theories arising primarily from compensation the Partners received in 2007 and/or 2008, as well as the Partners' failure to pay other amounts due and owing to the Debtor. Before RCT's retention, the Trustee's

3

bankruptcy counsel, Fox Rothschild LLP ("**Fox Rothschild**") had commenced actions against certain Partners, and the Trustee had entered into tolling stipulations with other Partners. Special Counsel became counsel on both the pending filed actions, as well as the unfiled claims.

RCT reviewed and analyzed the nature of the claims against Partners and the various actions that had been taken to date to pursue these claims. As an initial matter, RCT sought to settle the Partner actions.[4] In July of 2013, Special Counsel began contacting Partners to discuss potential settlements.[5] As of late August 2013, RCT had reached agreements in principle, subject to documentation, to resolve the claims against 44 Partners described above as the Group 1 Settlements.

The Group 1 Settlements were ultimately memorialized and resulted in the estate's receipt of proceeds in the amount of $1,157,501. RCT earned contingency fees of $211,725.11 on those settlements, and those fees were approved by this Court in October of 2013 pursuant to the First Application. The actual fees incurred by RCT during this period were in excess of $430,000.[6]

---

[4] Before negotiating settlements, RCT also reviewed the work done by Fox Rothschild, engaged in legal research, conducted factual inquiries, and conferred with CBIZ, among other activities.

[5] The Partners had a variety of questions and arguments on matters such as: (a) the Trustee's calculation of the overcompensation claim, (b) the basis for the Trustee's likely conclusions regarding insolvency, (c) theories on reasonably equivalent value, (d) the Trustee's position on side letters that allegedly guaranteed compensation, and (e) accounting/calculation issues (that required clarification by CBIZ with the assistance of RCT).

[6] RCT did not apply for the fixed fee for the first two quarters of its engagement because (i) it was actively engaged in settling claims with former partners, and (ii) it was relatively clear that the contingency fee for that period would exceed the $90,000 in fixed fees for the first two quarters. Instead, in the middle of the second quarter, RCT applied for its contingency fee which it deemed to cover the first two quarters. Thereafter, RCT applied for compensation every quarter. As a result, the actual time incurred by RCT for October and November in the second quarter was never reported to the Court, and is not included in the reports of actual fees per fee application set forth herein. RCT's actual hourly fees over the course of this engagement are in excess of $2 million against fees paid of approximately $525,115, if the fees applied for in this application are included.

B. **Second Fee Application Period**

RCT also pursued those defendants who determined not to settle. At the Trustee's direction, RCT sought to consolidate all the actions pursuant to Bankruptcy Rule 7042 in an effort to (i) create efficiencies and organization with respect to the actions, and (ii) encourage settlement by conveying to the Partners that litigation of the claims was moving forward.

On August 21, 2013, the Trustee filed the Motion of Yann Geron as Chapter 7 Trustee of Thelen LLP Seeking Consolidation of Certain Adversary Proceedings and Implementation of a Coordinated Schedule ("**Consolidation Motion**"), which motion was supplemented on September 30, 2013.[7] After several hearings, the Consolidation Motion was argued on January 23, 2014, and a scheduling order was thereafter established.

While progressing with the litigation against all remaining Partners, subsequently, RCT settled six more partner actions, and this Court approved those settlements by orders dated January 24, 2014. Further, since January of 2014, during the period covering the third calendar quarter in which RCT was retained, four more settlements were reached and approved. These 10 additional settlements are referred to above as the Group 2 Settlements.

As a result of the Group 2 Settlements, an order awarding the Second Application for services rendered to the Trustee in the amount of $45,000.00 in the form of a fixed fee was granted on May 2, 2014. This amount was credited against contingency fees of $46,344.04, and the remaining $1,344.04 of contingency fees was to be paid if and when the Trustee received settlement proceeds sufficient for RCT to earn the additional $1,344.04 in contingency fees. RCT

---

[7] Subsequently, after the Trustee directed Special Counsel to file new actions against Partners (as to whom claims had been tolled), Special Counsel filed additional actions against Partners. Because the Trustee wanted to include the new actions in the consolidation process, on September 3, 2013, the Trustee filed a Supplement to Motion of Yann Geron as Chapter 7 Trustee of Thelen LLP Seeking Consolidation of Certain Adversary Proceedings and Implementation of a Coordinated Schedule.

5

was also awarded $10,274.00 in costs and expenses in the Second Application. The actual fees incurred by RCT during this period were over $170,000.

### C. Third Fee Application Period

After approval of the Group 1 and Group 2 Settlements and the First and Second Applications, the Partner actions progressed and the Trustee began litigating with 12 defendants in a consolidated format. The Trustee filed Amended Complaints in connection with these actions, and the defendants answered or filed responsive pleadings. One defendant, Mr. Gregory P. O'Hara, filed a motion to have these disputes arbitrated. The Trustee also filed a Motion for Partial Summary Judgment as to the Date of Transfer and Reasonably Equivalent value under the Partnership Agreements on March 13, 2014 ("**Trustee's Summary Judgment Motion**"), and argued that Motion.  In addition, RCT filed a brief responding to the motion to arbitrate filed by Mr. O'Hara.  The Summary Judgment Motion was denied and the parties then attempted to settle these cases.

Thereafter, RCT filed a Third Fee Application for a fixed fee of $45,000 and for expenses of $10,903.15, which was approved on August 20, 2014. The actual fees incurred by RCT during this period were over $250,000.

### D. Fourth Fee Application Period

During the Fourth Fee Application period, RCT continued its attempts to settle with the defendants, and submitted a letter to the Court regarding the Trustee's proposal on proceeding with these cases. RCT had telephone and in person meetings with defendants and addressed arbitration and litigation strategies that might best be employed for the resolution of these matters. Unfortunately, these settlement discussions were not successful and at the direction of

6

the Trustee, RCT sought to arbitrate or litigate with the remaining defendants whose suits had not been dismissed or settled.[8]

Following the conclusion of the Fourth Fee Application period, RCT filed a Fourth Fee Application for a fixed fee of $45,000 and for expenses of $2,976.68, which was approved on November 7, 2014. The actual fees incurred by RCT during this period were over $48,000.00.

E. **Fifth Fee Application Period**

During the Fifth Application period, because settlements did not appear likely, RCT litigated with defendants. The most significant efforts to move the cases forward during this time period included: (i) opposition to the motion for partial summary judgment, filed by the Whitmer-Fontana Group on September 24, 2014, and (ii) the motion to compel arbitration, filed by the Trustee on October 13, 2014, which led to the Memorandum Decision against nine of the Partners. The Memorandum Decision denied the Trustee's motion to compel arbitration, denied defendants' motion for partial summary judgment, and granted summary judgment to the Trustee on his contract claim. The Court's decision also instructed the Trustee to file separate orders or judgments as to each defendant in the Trustee's favor regarding the contract claim. As directed, the Trustee filed the Notice of Settlement of Proposed Order Denying Trustee's Motion to Compel Arbitration, Denying Defendants' Motion for Partial Summary Judgment, and Granting Summary Judgment to the Trustee on his Contract Claim in each of the Adversary Proceedings related to the Whitmer-Fontana Group on November 24, 2014. An Objection to this Order was filed by defendants and the Trustee filed a Response to the Objection.

---

[8] As acknowledged in Judge Gropper's May 23, 2014 Written Decision, one of the defendants, Edmund D. Cooke, who was originally consolidated in Adversary Proceeding No. 11-02648, filed for personal bankruptcy protection, thereby staying any action against him.

During the Fifth Application period, two adversary proceedings, against defendants Frederick Cohen and Allen J. Ross, were dismissed based on their individualized contracts, and it was agreed that the status of the defendants' claims against the estate would be resolved later. Further, the Trustee and RCT continued their negotiations with Mr. O'Hara. A disagreement arose as to the location to conduct the arbitration in this adversary matter and both parties filed Proposed Orders on the subject for consideration by the Court.

RCT filed a Fifth Fee Application for a fixed fee of $45,000 and for expenses of $1,793.35 which was approved on January 7, 2015. The actual fees incurred by RCT during this period were over $197,000**.**

### F. Sixth Fee Application Period

On December 9, 2014, during the Sixth Application period, an order was entered by this Court in accordance with the Memorandum Decision. The order found for the Trustee as to liability. The parties were then instructed to engage in discovery on the issue of damages and interest. The Court directed that, after such discovery, a trial could be held on the damages and interest issues. As a result, RCT was actively engaged in the discovery process in order to determine damages, including the production of documents during this period. At the same time, the Trustee directed RCT to engage in settlement discussions with the defendants to quantify the amounts owed by them.

This resulted in the Group 3 Settlements of the claims against eight of these nine defendants as to the amount of damages. As set forth below, if the Trustee had not settled with these defendants, and had gone to trial, a higher percentage of contingency fees would have been due to RCT. In addition, professional fees of other professionals, such as accountants, would be incurred and the resulting damage number would be uncertain. Therefore, the Trustee determined

8

that settlement of the damage amount was in the best interest of the estate. In the Sixth Fee Application period, RCT earned a contingency fee from Net Recoveries of $740,152.78, resulting in a contingency fee due to RCT of $222,045.83 less the fixed fees that RCT had received for the Third, Fourth and Fifth Fee application periods in amount of $135,000.00. Thus, RCT was paid a contingency fee of $87,045.83 ($222,045.83 - $135,000.00), and expenses in the amount of $1,397.75. The actual fees incurred for this period were over $115,000.00.

### G. Seventh Fee Application Period

The Verified Statement of Angela J. Somers in Support of this Seventh Application for Allowance of Compensation, dated June 12, 2015, and attached hereto as **Exhibit A** explains the work of RCT during this time. In this period, RCT drafted a mediation brief and otherwise prepared for the mediation of the claim against Mr. O'Hara, which included coordination and discussions with the Trustee. RCT also engaged in discovery (which discovery period ended on June 5th) with Mr. Fontana, including depositions, document production and discovery responses, and involved the review and production of expert opinions, among other things.

### RCT's Engagement Letter and Fee Request

Section 328(e) of the Bankruptcy Code allows a trustee, with the Court's approval, to employ professionals on a contingent or fixed fee basis. 11 U.S.C.A. §§327 and 328(a). By Order dated May 28, 2013, the Court approved the retention of Special Counsel to the Trustee pursuant to Sections 327 and 328(a) and on a mixed fixed/contingency fee basis as set forth in RCT's Letter of Engagement ("**Engagement Letter**"). A copy of the May 28, 2013 Order is attached hereto as **Exhibit B**.

When counsel is engaged on a contingent fee basis and the engagement is pre-approved by the court, the court does not need to conduct an analysis of the reasonableness of the fee

9

absent circumstances that make the retention "improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." *In re Smart World Tech., LLC*, 552 F.3d 228, 232 (2d Cir. 2009). There are no such circumstances in this case. The amounts for which approval is sought are within the approved terms of RCT's retention.[9]

Pursuant to the Engagement Letter, RCT is entitled to the greater of (i) $45,000.00 per quarter as a fixed fee, or (ii) a contingency fee in the amount of a.) 17.5% of Net Recoveries before the filing of a complaint; b.) 22.5% of Net Recoveries after the filing of a complaint but before the discovery process has commenced, c.) 30% of Net Recoveries during the written document discovery period and before deposition have commenced; d.) 37.5% of Net Recoveries after depositions have commenced through the start of trial; e.) 42.5% of Net Recoveries during trial and prior to entry of judgments; f.) 45% of Net Recoveries post trial and upon entry of final judgments, including appeal. Net Recoveries are defined as "Gross Recoveries minus the cost of any collection counsel hired to execute on any judgment or order." Gross Recoveries include any recovery on the claim, including a settlement.

The Engagement Letter also provides that the estate shall pay all reasonable out-of-pocket expenses incurred by RCT in these matters. As set forth in the Schedule attached as **Exhibit C** hereto, RCT incurred expenses in the amount of $714.75. These expenses were reasonable and necessary, and largely related to copies and postage.

On an hourly basis, RCT has incurred fees in an amount in excess of **$200,000.00** *this quarter*; however, pursuant to the Engagement Letter, RCT does not earn its hourly fee, but instead, as described above, works under a mixed fee/contingency fee arrangement on a quarterly basis. RCT earns $45,000.00 per quarter as a fixed fee so long as it has incurred hourly fees

---

[9] RCT has not included its time records; if requested however, Special Counsel will provide redacted copies of the time records.

equal to, or in excess of the fixed fee. RCT earns a contingency fee from recoveries that is based on the stage of the litigation (pre-suit, post-suit, discovery etc.).

RCT requests that it be paid its fixed fee of $15,000.00 per month or $45,000.00 for this quarter representing payment for the months of March, April and May, 2015.

RCT also seeks immediate payment of its costs and expenses in the amount of **$714.75**. A copy of the Proposed Order Awarding the Seventh Application for Allowance of Compensation is attached as **Exhibit D.**

There has been no prior request for the relief set forth herein.

**WHEREFORE**, Special Counsel respectfully requests that this Court enter an Order awarding the Seventh Application for services rendered to the Trustee in the amount of **$45,000.00** to be paid as a fixed fee for the months of March, April and May, 2015, and (ii) **$714.75** in costs and expenses, and (iii) for such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
June 12, 2015

**REID COLLINS & TSAI LLP**

*/s/ Angela J. Somers*
Angela J. Somers
Jeffrey E. Gross
One Penn Plaza, 49th Floor
New York, New York 10119
(212) 344-5200

Special Counsel for Yann Geron, Chapter 7
Trustee of the Estate of Thelen LLP