FREDERICK COHEN, PRO SE
1540 Broadway
New York, NY 10036-4085
Fcohen@duanemorris.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re                                              :    Chapter 7
                                                   :
THELEN LLP,                                        :    Case No. 09-15631 (ALG)
                                                   :
                    Debtor.                        :
                                                   :
                                                   :
                                                   :
                                                   :
-----------------------------------------------------------    X

**STATEMENT IN OPPOSITION TO TRUSTEE'S MOTION PURSUANT
TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
FOR AN ORDER APPROVING A SETTLEMENT BETWEEN
TRUSTEE AND EMPLOYEE CLASS MEMBERS**

This Statement is respectfully submitted by Frederick Cohen, a creditor of the Estate, in Opposition to the Trustee's Motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, for an Order approving a settlement between the Trustee and Employee Class Members.

## BACKGROUND

1. On September 18, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. Prior to the Petition Date, on a date not disclosed by the Trustee, a class action was commenced against the Debtor in the United States District Court for the Northern District of California seeking damages "by reason of Debtor's failure to provide the statutory

notification required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §1201 et. seq. (WARN ACT).[1]

3. The WARN ACT litigation was stayed upon the filing of the Petition in September 2009 and according to the Trustee, the parties engaged in pre-trial discovery and a mediation in violation of the automatic stay.

4. The Trustee now, almost six years later, comes before this Court seeking its approval of the settlement of the WARN ACT litigation and a methodology for distribution.

5. For the reasons set forth below, approval of this Court should be denied.

## THE SETTLEMENT AGREEMENT

### i. WARN ACT Applicability

6. The WARN ACT (29 U.S.C. §§ 2101-2109) requires a "mass layoff" before its provisions are applicable. A "mass layoff" is defined as "a reduction in force which…results in an employment loss at [a] single site of employment during any 30-day period" of at least 50 full-time employees constituting 33% of the workforce, or 500 full-time employees. 29 U.S.C. §2101(3).

7. The Trustee's application fails to assert that either of the predicates to WARN ACT applicability have been met. In fact, the Trustee concedes merely that there are "in excess of 400 claims – not 500 – (presumably as a result of layoffs) against the Debtor's bankruptcy estate by former Thelen employees…" (Paragraph 9, Trustee's Motion). Moreover, there is no allegation that the Debtor's employees, in any one office, constitute 33% of the Debtor's employee workforce.

---

[1] The Trustee has not provided copies of the pleadings or the class certifications in the WARN ACT litigation.

2

### ii. Lack of Transparency

8. As has been the custom throughout this bankruptcy proceeding, there is an complete lack of transparency in the Trustee's presentation to this Court and the creditors of the estate.

9. In Paragraph 6 of the Trustee's Motion, he alleges the commencement of the WARN ACT litigation, but does not furnish a copy of the Complaint.

10. In Paragraph 8 of the Trustee's Motion, he asserts that certification of classes and subclasses was granted and subsequently amended on two occasions. Copies of the orders are conspicuously omitted.

11. In Paragraph 10 of the Trustee's Motion, he alleges that he disputed that certain employee class members were entitled to certain WARN ACT relief, but does not advise the Court who those class members were, how that issue was resolved or what was compromised.

12. In Paragraph 11 of the Trustee's Motion, he describes the Settlement Agreement and its terms. One of the salient terms is the establishment of a "Settlement Fund" which, inter alia, consists of "all of the remaining assets in the Debtor's bankruptcy estate after all payments are made for administrative costs in the winding up of Thelen's bankruptcy estate…"

13. No information is given concerning (i) the amounts currently in the bankruptcy estate, (ii) the estimated administrative costs and fees, (iii) the estimated amount of WARN ACT claims entitled to priority, if any, or (iv) whether there are any further funds or receivables due the estate.

14. The Trustee has not made or presented an analysis that the employees intended to be covered by the proposed WARN ACT settlement and obtain priority pursuant to

Section 507(a)(4) of the Bankruptcy Code earned wages or salary 180 days before either (a) the filing of the petition or (b) cessation of the Debtor's business. In short, the Trustee has made no determination as to the validity of the employee claims, which would warrant applicability of the WARN ACT. It is incumbent upon the Trustee to determine whether the WARN ACT back-pay claims were earned during the 180-day priority period and whether other WARN ACT predicates have been met.

### iii. The Computation and Allocation of the Settlement Fund Violates the Bankruptcy Code

15. Although not entirely clear from the Trustee's motion, it appears that included in that proposed Settlement Fund, to be disbursed from assets of the Debtor estate, are attorneys' fees for counsel for the Class Plaintiff, administration fees, enhancement awards to Class Plaintiffs and employer payroll taxes.

16. Inclusion of the aforementioned amounts violates Section 507(a)(4) of the Bankruptcy Code which grants a priority only to wage-related claims.

17. In the first instance, all of the wage-related claimants have filed claims and the Trustee can and should make a determination on the merits as to each of these claims in this bankruptcy proceeding and under the supervision of this Court. The Trustee is supposed to represent all the creditors of the Estate, not act for the benefit of any particular creditor or group, as he appears to be doing.

18. The inclusion of attorneys' fees in the Settlement Fund as a priority claim under Section 507(a) is, as one court has expressed, "a profound misunderstanding of the Bankruptcy Code's priority scheme." In Re Simon, 161 B.R. 329, 333 (Bankr. D. Mass. 1993). Indeed it would impermissibly grant attorneys' fees in an action that has been stayed for almost six years. See also, C. J. Wright & Co., Inc., 183 B.R. 305 (Bankr. Court MD Florida 1995).

4

### iv. "Fairness Hearing"

19. The Trustee asserts that the Settlement Agreement requires a Fairness Hearing before the United States District Court in which the WARN ACT litigation is pending. Any such determination again, would not only violate the automatic stay, but require the Trustee to participate in a judicial proceeding to which he is not a party. At the very least, the Class Plaintiff or the Trustee should have sought vacatur of the automatic stay which would have given the Trustee the right to intervene in that action. On this ground alone, the Trustee's application should be denied.

20. Because the WARN ACT claims arose pre-petition, the Trustee should not have participated in the WARN ACT litigation, even on an informal basis, since that action was not under the supervision of this Court. Those claims <u>should</u> have been asserted either in an adversary proceeding before this Court or through the claims allowance process provided by the Code. See, <u>In Re Dewey & LeBoeuf LLP</u>, 487 B.R. 169 (Bankr. SDNY, 2013).

21. Once the petition had been filed, any actions by the Trustee in compromising the WARN ACT claims were violative of the automatic stay. Moreover, all claimants covered by the WARN ACT have filed claims within the bar date. Thus, the WARN ACT claims are unnecessarily duplicative. One Court has suggested that a better approach is to treat the WARN ACT case as a proof of claim. See <u>In Re Connaught Group Ltd.</u>, 491 B.R. 88 (Bankr. SDNY, 2013). In this case that is unnecessary, as all the putative class members have filed proofs of claim and are fully protected by the claims administration process in this bankruptcy proceeding.

22. For a period of more than six years the putative class representatives could have sought vacatur of the automatic stay or commenced an adversary proceeding in this Court.

5

They chose not to do so and cannot now seek a resolution of the WARN ACT claims outside the claims adjudication process.

## ARGUMENT

23. It is the duty of the Trustee to maximize the value of the bankruptcy estate. See Toibb v. Radloff, 501 U.S. 157, 163 (1991). In the case at bar, the Trustee seeks to improperly deplete the estate by deviating from the priority scheme set forth in Section 507 of the Code.

24. This Court must determine whether the proposed settlement is both fair, equitable and in the best interests of the estate. See, Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-425 (1968). Before reaching such a conclusion, the Court should consider the following factors:

> "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises."

10 Collier on Bankruptcy, ¶ 9019.02 (16th ed. Rev.)

25. With the glaring omissions from the Trustee's presentation of the facts, the Court cannot properly determine the likelihood of success of the putative class plaintiffs, the complexity of the litigation and whether the paramount interest of creditors is being served.

26. What can be determined is that, pursuant to the proposed settlement, the putative class members will receive less than they would receive if the Trustee had utlized the claims administration process administered by this Court, and that under the proposed settlement the estate will be unnecessarily depleted by the costs of administering the settlement, including the payment of fees for the attorneys for the class, as well as "enhancement" fees.

27. Clearly, it would be an unnecessary waste of estate assets to permit the Trustee to move forward with the WARN ACT litigation and the proposed settlement thereof. There is no benefit to the class members which would warrant approval of the class action and further depletion of the estate. The putative Class Plaintiffs did nothing to prosecute their simple and uncomplicated claims, knowing full well that they were properly protected by the priorities afforded by the Bankruptcy Code. The only party who benefits from terms and structure of the proposed settlement is counsel, who will recover legal fees and enhancements for having done nothing for six years. Claimants would have gotten more through the claims administration process in this case.

28. Accordingly, it is respectfully requested that an order be granted denying the Trustee's motion in all respects.

FREDERICK COHEN