| | |
|---|---|
| FOX ROTHSCHILD LLP<br>Glenn S. Grindlinger<br>Alexander W. Leonard<br>Nicole N. Santucci (Of Counsel)<br>100 Park Avenue, Suite 1500<br>New York, New York 10017<br>(212) 878-7900 | Hearing Date: July 21, 2015<br>At: 10:00 a.m. (EST) |

*Attorneys for Yann Geron, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| THELEN LLP, | : | Case No. 09-15631 (MEW) |
| | : | |
| Debtor. | : | |

-------------------------------------------------------x

### RESPONSE TO THE OBJECTION OF FREDERICK COHEN TO TRUSTEE'S MOTION FOR ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN TRUSTEE AND EMPLOYEE CLASS MEMBERS

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

Yann Geron (the "Trustee"), the chapter 7 trustee of the estate of Thelen LLP (the "Debtor" or "Thelen"), the above-captioned debtor, by his attorneys, Fox Rothschild LLP, as and for his reply to the objection (the "Objection") of Frederick Cohen ("Mr. Cohen"), an alleged creditor, to the Trustee's motion for an order, pursuant to Bankruptcy Rule 9019, approving a certain Settlement Agreement and Release, fully-executed on or about April 16, 2015 (the "Agreement") between the Trustee and Blum Collins LLP, Adam Bergman, Kendrick Patterson, Michael Attianese, Andrea Levy, Daryl Yeakle, and Raymond Plante (the "Named Plaintiffs"),[1]

---

[1] Prior to the Petition Date, the Named Plaintiffs on behalf of themselves and the Employee Class Members initiated a class action suit against the Debtor currently pending in the United States District Court for the Northern District of California captioned *Adam Bergman, et al. v. Thelen LLP, et al.*, which was assigned case number CV-08-5322-EDL (the "Class Action").

as well as on behalf of all classes and subclasses certified or to be certified in the Class Action (the "Employee Class Members," and with Named Plaintiffs hereinafter the "Plaintiffs"), providing for the full and final settlement and release of all claims asserted or which could have been asserted by Plaintiffs in the Class Action[2] and Bankruptcy Action, or any claims related thereto (the "Settlement Motion") [Docket Entry No. 733], respectfully sets forth and represents:

## Background

1.  The Settlement Motion was served upon all known creditors and parties in interest, including all known Employee Class Members, and the Office of the United States Trustee. In total, notice of the Settlement Motion was mailed to over 1,400 parties.

2.  No one other than Mr. Cohen has objected to the relief sought in the Settlement Motion. The absence of any objections to the Settlement Motion from any creditor or party in interest other than Mr. Cohen is notable.

3.  Mr. Cohen is a former partner of Thelen. If he has any claim (which the Trustee contests), that claim would be subordinate to the former employee class, which as further detailed below will likely not be paid in full, let alone lower priority and general, unsecured claims.

## The Objection

4.  The Objection seeks to have the Settlement Motion denied based upon the following alleged grounds: (i) there is a lack of transparency as to the merits of the underlying Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act") claims, (ii) no information is given regarding the amounts currently in the bankruptcy

---

[2]  Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Settlement Motion.

estate, the estimated administrative costs and fees, the estimated amounts of the WARN Act claims entitled to priority, if any, and whether there are any funds or receivables due the estate, and (iii) the computation and allocation of the Settlement Fund violates the Bankruptcy Code.

5. As further detailed below, it appears clear from the Objection that Mr. Cohen has failed to carefully read the Settlement Motion or the Agreement. Rather, Mr. Cohen once again has filed baseless objections that serve no benefit to Mr. Cohen or the other creditors, and that necessarily results in increased estate administrative costs. Each of Mr. Cohen's points is addressed below and, for the reasons stated, must be overruled.

a. <u>The Allegation as to Lack of Transparency Regarding the WARN Claims</u>

6. The Objection first states that the Settlement Motion must be denied as the Trustee has failed to adequately scrutinize and establish that the Employee Class Members were subject to the WARN Act. In fact, the legal and factual bases underlying these claims were thoroughly analyzed in an efficient and court-approved mediation process, to the benefit of this estate.

7. As detailed in the original application to the Bankruptcy Court dated August 12, 2014, seeking approval to mediate the Class Action, the Parties clearly stated there was a sharp dispute regarding whether the Employee Class Members were entitled to, <u>inter</u> <u>alia</u>, WARN Act damages.[3] [*See* Docket Entry No. 689.] As provided in the Stipulation and Order Referring the Trustee and the Employee Class Members to Mediation dated August 27, 2014, the Parties submitted detailed confidential position statements, reply position statements, and

---

[3] The Parties also sought to mediate outstanding claims pursuant to California Relocations, Terminations and Mass Layoffs Act, Cal. Labor Code § 1400 et seq. (the "California WARN Act") as well as claims for accrued but unused vacation time due and owning former Thelen employees at the time their employment was terminated.

3

supplemental submissions to experienced Mediator James L. Garrity, Jr.[4] outlining the strengths and weaknesses of their claims and defenses. [*See* Docket Entry No. 695, at ¶ 6.] The Parties contested the applicability of the WARN Act damages at all times prior to reaching the proposed settlement with the assistance of Mediator Garrity.

8. More specifically, and without breaching the confidentiality of mediation communications, in response to the WARN Act claims asserted by the Employee Class Members, the Trustee argued that the Debtor had an absolute defense to the WARN Act claims asserted as the uncontroverted facts presented established that the unforeseeable business circumstance exception under the WARN Act applied. The Trustee asserted that Thelen's creditors suddenly and unexpectedly foreclosed its lines of credit, thus precluding it from meeting additional payroll obligations and forcing Thelen to terminate almost its entire workforce.

9. Class Counsel sharply disagreed with the Trustee's position, arguing that given the clear history of a deepening downward spiral at Thelen, the cessation of Thelen's credit lines was foreseeable. Moreover, Class Counsel asserted that Thelen's late WARN notice failed, as required under the WARN Act, to adequately describe the unforeseen business circumstances that caused the abbreviated notice period, a contention which the Trustee heavily contested and addressed in his position statement and reply position statement.[5]

10. In the context of exchanging information with Class Counsel, the

---

[4] After the conclusion of the Mediation, Mediator Garrity was appointed to serve as a United States Bankruptcy Judge for the Southern District of New York.

[5] Mr. Cohen also asserts that threshold employee coverage under the WARN ACT has not been established. However, WARN Act coverage was clearly met as over 500 Thelen employees were terminated in all its offices on November 30, 2008, easily meeting the definition of "mass layoff" under the WARN Act. *See* 29 U.S.C. § 2101(a)(3).

4

Trustee's accountants undertook a detailed employee-by-employee analysis of the employee claims at issue, and the various components of those claims, including unpaid wages, vacation, and WARN damages, and the support of those claims from the Debtor's books and records.

11. Therefore, contrary to Mr. Cohen's assertion, the Trustee and Class Counsel disputed, analyzed, and mediated the claims at issue, and specifically the application of the WARN Act to Thelen's former employees in the manner approved by the Bankruptcy Court. Since the significant factual disputes identified above would have proved costly to resolve on the merits, and would have unnecessarily dwindled the Debtor's estate,[6] the Trustee and Class Counsel agreed to resolve the priority wage claims through an efficient class-based resolution process utilizing the class action already pending in the District Court, but at all times subject to the Bankruptcy Court's approval.

12. The analysis of these claims was thorough, complete, and highly efficient.

13. Therefore, the Objection must be overruled on this ground.

b. <u>The Allegation as to Lack of Information Regarding Estate Economics</u>

14. The Objection states that the Settlement Motion must be denied because no information is given regarding the amounts currently in the bankruptcy estate, the estimated administrative costs and fees, the estimated amounts of the WARN Act claims entitled to priority, if any, and whether there are any funds or receivables due the estate. This allegation is plainly factually false.

15. Specifically, note 7 to the Settlement Motion states "The Trustee has liquidated all known assets of the estate (except for one remaining partner claw-back claim, the

---

[6] As set forth in the Settlement Motion, the remainder of the Debtor's estate is likely to be exhausted by the former employees' priority wage claims.

5

claim in the Wang Surrogate Court Action that is being assigned to Plaintiffs pursuant to the Agreement, and a potential contingency fee claim that the Trustee was only recently made aware of and is continuing to analyze). Current estate funds total approximately $5.3 million. Estimated administrative claims (including held-back and outstanding professional fees and expenses) total $2.4 million and the amount of priority wage claims fixed under the Agreement total approximately $4 million."

16. Likewise, <u>Exhibit A</u> to the Agreement is a schedule that details the extent and priority that each individual Employee Class Member's claim will be allowed under the contemplated settlement.

17. Thus, the Settlement Motion and related exhibits contain the exact information that Mr. Cohen complains it is lacking.

18. The Objection must be overruled on this ground.

c. The Allegation that the Computation and Allocation of the Settlement Fund Violates the <u>Bankruptcy Code</u>

19. Mr. Cohen mistakenly argues that payment of the attorneys' fees for Class Counsel, administration fees, enhancement awards to Class Plaintiffs and employer payroll taxes are to be paid from estate assets in violation of the priorities afforded under the Bankruptcy Code.

20. As detailed in the Settlement Motion, the maximum amount to be paid to the Employee Class Members is identical to the priority cap allowed under Section 507(a)(4) of the Bankruptcy Code. Similarly, payment of administrative expenses is expressly acknowledged under the Bankruptcy Code.

21. It also appears that Mr. Cohen is alleging that the term of the Agreement

6

that requires approval by the District Court somehow violates this Court's authority. This ignores the fact that the Trustee has first sought the Bankruptcy Court's approval of the Agreement. The notice provided in connection with this Settlement Motion ensures that all creditors and parties in interest are heard and meritorious objections (in contrast to Mr. Cohen's) are heard and resolved. By seeking this Court's approval first, the Trustee ensures that the matter is fully ripe for determination at the District Court overseeing the Class Action. Thereafter, the settlement will proceed with the further noticing and class certification requirements established the District Court, which will further streamline the resolution of the voluminous claims asserted by and on behalf of the Employee Class Members.

22. If the Trustee were to commence individual adversary proceedings or claims objections, as suggested by Mr. Cohen, the administrative fees and expenses would be significantly increased, ultimately to the detriment of the very employee class which whose claims are at issue. Moreover, the Trustee sought and obtained the Bankruptcy Court's approval *before* mediating the Class Action, arguing that such a process was the most beneficial and efficient method of fixing and allowing the priority wage claims brought by the former employees of Thelen. [*See* Docket Entry No. 695.]

23. Therefore, the Objection must be overruled on this ground.

**Conclusion**

24. The Trustee has met the standard for approval of the Settlement Motion in that he has demonstrated that the underlying Agreement is the most efficient and cost-effective method of fixing the extent and priority of the Employee Class Members' claims and, thus, does not "fall below the lowest level of reasonableness." Therefore, the Objection must be overruled.

25. For all of the foregoing reasons, the Trustee respectfully submits that (i)

the Objection should be overruled, (ii) the Settlement Motion be approved, and (iii) that the

Trustee be granted such other relief as is deemed just and proper.

Dated:   New York, New York            FOX ROTHSCHILD LLP
         July 17, 2015                 Attorneys for Yann Geron Chapter 7 Trustee


                                       By:   */s/ Glenn S. Grindlinger*
                                              Glenn S. Grindlinger
                                              Alexander W. Leonard
                                              Nicole N. Santucci (Of Counsel)
                                              100 Park Avenue, Suite 1500
                                              New York, New York 10017
                                              (212) 878-7900