**REID COLLINS & TSAI LLP**
Angela J. Somers
Keith Y. Cohan
Yonah Jaffe
One Penn Plaza, 49th Floor
New York, New York 10119
212.344.5200 (telephone)

*Special Counsel for Yann Geron, Chapter 7 Trustee*
*of the Estate of Thelen LLP*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:

                                                    Chapter 7

THELEN LLP,                              Case No. 09-15631 (MEW)

                                       Debtor.
------------------------------------------------------------------X

**TRUSTEE'S APPLICATION FOR AN ORDER PURSUANT
TO BANKRUPTCY RULES 2004 AND 9016 (I) DIRECTING GARY L. FONTANA
TO APPEAR FOR EXAMINATION AND PRODUCE DOCUMENTS
AND (II) AUTHORIZING THE ISSUANCE OF SUBPOENAS**

Yann Geron (the "**Trustee**"), as chapter 7 trustee of the Thelen LLP ("**Thelen**" or the "**Debtor**"), the above-captioned debtor, files this application (the "**Application**") for an order pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), substantially in the form of Exhibit A attached hereto, (I) directing Gary L. Fontana to (a) produce for inspection and copying records and documents relating to Thelen's representation of the Commissioner for the California Department of Insurance ("**CDOI**") against certain entities including Artemis S.A. ("**Artemis**") in conjunction with the sale of the Executive Life Insurance Company ("**ELIC**") junk bond portfolio, and (b) appear and submit to

an oral examination to be taken under oath; and (II) authorizing the Trustee to issue subpoenas to accomplish the requested discovery.

## Jurisdiction

This Court has jurisdiction over this case and Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Factual Background

1. On September 18, 2009, the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**"). Yann Geron was appointed interim chapter 7 trustee of the Debtor's estate. He has since qualified as permanent chapter 7 trustee and is currently serving in that capacity.

2. Since his appointment, the Trustee has been investigating the pre-petition financial affairs of the Debtor, and has pursued many claims. The Trustee also became aware of a contingency fee due Thelen in the last several months. This information became available as part of the Trustee's investigation and pursuit of the last remaining partner clawback claims.

3. The contingency fee due to Thelen is in conjunction with Thelen's representation of the CDOI in an action that had been litigated by Thelen[1] for many years. The action arose out of the sale by the CDOI of the ELIC junk bond portfolio. After Altus/MAAF and others purchased or participated in the purchase of the ELIC junk bond portfolio, it was later determined that, due to a scheme to defraud the CDOI, the buyers evaded an important requirement necessary to become a buyer of the portfolio.

---

[1] Thelen LLP is the successor in interest to former attorneys of record for Plaintiff, Thelen Reid Brown Raysman and Steiner LLP, and Thelen Reid & Priest LLP, the firm with which the engagement letter was entered into. As used herein Thelen means Thelen LLP and its predecessor firms.

4.      On May 25, 1999, Thelen entered into a letter of engagement with the CDOI in which Thelen would pursue an action on behalf of the CDOI relating to the sale of the ELIC junk bond portfolio. The agreement entitled Thelen to a percentage contingency fee in the event it obtained a recovery against the various defendants, and it granted a broad attorney's lien to Thelen on the causes of action and claims, as well as settlement proceeds or any payment made to satisfy a judgment.[2]

5.      As a result, Thelen commenced an action on behalf of John Garamendi, as Insurance Commissioner of the State of California and as Conservator, Liquidator and Rehabilitator of the Estate of Executive Life Insurance Company against Altus Finance S.A., and several other defendants in in the United States District Court for the Central District of California (Case No. 99-02829). The books and records of Thelen reveal that Mr. Fontana was one of the partners at Thelen who represented the CDOI in this litigation. Thelen settled with many of the defendants in the action, and Artemis, S.A. is the only remaining defendant in the matter (the "**CDOI/Artemis Matter**").[3]

6.      To the Trustee's knowledge, the short history of the CDOI/Artemis Matter litigation is as follows: Thelen obtained a judgment on behalf of the CDOI against Artemis in the District Court for the Central District of California, which judgment was appealed to the Ninth Circuit Court of Appeals. In August of 2008, the Ninth Circuit remanded the case to the District Court, and shortly thereafter, the CDOI informed Thelen that it was being replaced as counsel on the CDOI/Artemis Matter. Using successor firms to litigate the CDOI/Artemis Matter (including

---

[2] To protect this lien right, on June 12, 2015, the Trustee filed a "Notice of Lien for Attorneys' Fees" in Case No. 99-02829 in the United States District Court for the Central District of California. Similarly, on July 6, 2015, the Trustee filed a "Notice of Filing in District Court of Notice of Lien for Attorneys' Fees" in the Ninth Circuit Court of Appeals (Nos. 13-55567, 13-55684, and 13-55699).

[3] In addition, the plaintiff name changes slightly as commissioners are replaced.

one firm that Mr. Fontana affiliated with after Thelen's dissolution), the CDOI obtained another judgment on remand, which was also appealed.

7.      This second appeal is currently pending in the Ninth Circuit Court of Appeals (Nos. 13-55567, 13-55684, and 13-55699). Based on Docket No. 78 in the appellate docket, it appears that the parties have delayed oral argument and determined to hold the case in abeyance from June 22, 2015 until 90 days thereafter in order to engage in settlement discussions, after which a joint status report will be filed. If a settlement were to be reached, Thelen's retaining lien would attach to any settlement proceeds.

**ARGUMENT**

8.      Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the Court may order the examination of any entity" relating to, among other things: (i) the acts, conduct, property, liabilities or financial condition of the debtors and (ii) any matter that may affect the administration of the debtors' estates. *See* Fed. R. Bankr. P. 2004.

9.      The purpose of an examination under Bankruptcy Rule 2004 "is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 756 (Bankr. S.D.N.Y. 2004); *see also In re Duratech Indus., Inc.*, 241 B.R. 291, 296 (Bankr. E.D.N.Y. 1999) (Rule 2004 facilitates "the central purpose of a bankruptcy case, namely, to maximize the distribution of assets or plan payments to unsecured creditors").  As put by one court, "[t]he purpose of a Rule 2004 examination is 'to show the condition of the estate and to enable the court to discover its extent and whereabouts, and to come into possession of it, that the rights of creditors may be preserved.'" *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (quoting *Cameron v. United States*, 231 U.S. 710, 717 (1914)).

10. The United States Court of Appeals for the Second Circuit has explained that the scope of inquiry permitted under a Rule 2004 examination "is exceptionally broad." *Martin v. Schaap Moving Sys., Inc.*, Case No. 97-5042, 152 F.3d 919, 1998 WL 405966, at *2 (2d Cir. Apr. 20, 1998); *see also id.* at *3 ("The very purpose of a Rule 2004 motion is to allow broad inquiry into the nature of the estate."); *In re Almatis B.V.*, Case No. 10-12308, 2010 WL 4877868, at *4 (Bankr. S.D.N.Y. Nov. 24, 2010) ("It is well established that the scope of a Rule 2004 examination is very broad and provides fewer procedural safeguards than [FRCP 26]."). In contrast with the limitations imposed on discovery conducted pursuant to Rule 26 of the Federal Rules of Civil Procedure, the scope of an examination under Bankruptcy Rule 2004 "is admittedly unfettered and broad, and indeed is commonly recognized as more in the nature of a fishing expedition." *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (citations and quotations omitted); *see also In re Duratech Indus., Inc.,* 241 B.R. at 296 (stating that "bankruptcy lawyers and judges readily acknowledge that Rule 2004 examinations often turn into fishing expeditions"). "Any third party who has a relationship with a debtor may be made subject to a Rule 2004 investigation." *In re Recoton Corp.*, 307 B.R. at 755; *accord In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

11. Here, good cause exists for Bankruptcy Rule 2004 relief. The discovery sought in this Application is relevant to the Trustee's administration of the Debtor's Estate and the Trustee's efforts to recover assets for the benefit of the Debtor's estate. The Trustee seeks detail regarding the CDOI/Artemis Matter and Thelen's prior representation of the CDOI. Thelen's right to a contingency fee due and owing is an important asset of the estate that the Trustee would seek to collect. The Trustee believes that Mr. Fontana has information that is critical to this process.

## NOTICE

12. An order granting this Application shall be served upon (i) Mr. Fontana; (ii) the Office of the U.S. Trustee; and (iii) all parties who have appeared in this chapter 7 case.

## CONCLUSION

The Trustee respectfully requests that this Court enter an order substantially in the form of the Proposed Order annexed hereto as Exhibit A, and for such other and further relief as is just.

Dated: New York, New York
July 29, 2015

REID COLLINS & TSAI LLP

/s/Angela J. Somers
Angela J. Somers
Keith Y. Cohan
Yonah Jaffe

One Penn Plaza, 49th Floor
New York, New York 10119
Tel.: (212) 344-5200
Fax: (212) 344-5299

*Special Counsel for Yann Geron, Chapter 7 Trustee Of the Estate of Thelen LLP*