YANN GERON, CHAPTER 7 TRUSTEE  
c/o Fox Rothschild LLP  
100 Park Avenue, 15th Floor  
New York, NY 10017  
(212) 878-7900

Hearing Date:  April 19, 2017  
At:  11:00 a.m. EST

Objection Deadline:  April 12, 2017

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
---------------------------------------------------------x  
In re                                                          :  
                                                               :    Chapter 7  
THELEN LLP,                                                    :  
                                                               :    Case No. 09-15631 (MEW)  
                              Debtor.                          :  
---------------------------------------------------------x  

**TRUSTEE'S (i) SIXTH INTERIM REPORT AND ACCOUNTING, AND (ii) APPLICATION FOR ORDER AUTHORIZING HIM TO MAKE INTERIM DISTRIBUTION TO THE EMPLOYEE CLASS**

TO THE HONORABLE MICHAEL A. WILES,  
UNITED STATES BANKRUPTCY JUDGE:

    Yann Geron (the "Trustee"), as chapter 7 trustee of the estate of Thelen LLP (the "Debtor"), the above-captioned debtor, as and for his (i) sixth interim report and accounting (the "Interim Report"), which covers the period December 1, 2013 through January 31, 2017 (the "Period"), and (ii) application (the "Application"), for an order, pursuant to 11 U.S.C. § 105(a), authorizing him to make an interim distribution to the employee class, respectfully sets forth and represents:

**Jurisdiction**

    1.  This Court has jurisdiction over this case and the Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**The Interim Report**

2.      The Trustee qualified herein and was appointed on September 18, 2009. The Trustee has a blanket bond and a blanket acceptance with the Office of the United States Trustee.

3.      The total estate receipts and disbursements as of January 31, 2017 are as follows:

```
TOTAL RECEIPTS            $24,749,058.17
ACTUAL DISBURSEMENTS     ($18,247,842.82)
BALANCE ON HAND          $  6,501,215.35
```

The balance on hand is on deposit at Empire National Bank, Islandia, New York. A copy of the Form 2 for the Debtor's estate through January 31, 2017 is annexed as Exhibit A.[1]

1.      The Trustee has liquidated all known tangible assets of the Debtor and is currently addressing issues relating to proofs of claim filed against the Debtor's estate.

2.      During the Period, the main sources of receipts were: (i) settlement payments from the Debtor's former partners relating to alleged breach of contract and other claims, (ii) recovery of unclaimed funds, (iii) the continued liquidation of accounts receivable, (iv) settlement payment from successor law firm relating to the Trustee's alleged unfinished business claims, (v) installment payments from MPC Insurance Ltd. pursuant to a settlement agreement, dated April 25, 2012, and (vi) settlement payments on account of third-party claims.

3.      Taxes incurred by the Trustee and/or estate have been paid.

4.      The initial claims bar date in this case expired on January 13, 2010. However, the Trustee subsequently learned that, due to confidentially concerns, the Debtor filed

a redacted matrix with the Clerk of this Court. As a result, not all potential creditors received actual notice of the claims bar date. The Trustee requested that a supplemental claims bar date be issued solely for those individuals who did not receive notice of the initial claims bar date. The supplemental claims bar date expired on July 30, 2010.

5. All secured claims asserted against the Debtor's estate have been paid in full, expunged, and/or reclassified.

6. By application, dated June 29, 2010, the Trustee sought an award of first interim commissions in the amount of $21,145.29 and reimbursement of expenses in the amount of $417.43 for the period September 18, 2009 through January 31, 2010. By order dated August 20, 2010, the Court awarded the Trustee a first interim allowance of eighty-five (85%) percent of the commission sought in the amount of $17,973.50, and one-hundred (100%) percent of the expenses sought in the amount of $417.43 [DE 163]. The awarded first interim commissions and expenses have been paid to the Trustee. The held-back commissions in connection with the first interim report total $3,171.79.

7. By application, dated December 23, 2011, the Trustee sought an award of second interim commissions in the amount of $106,076.58 and reimbursement of expenses in the amount of $1,630.86 for the period February 1, 2010 through December 31, 2010. By order dated January 18, 2012, the Court awarded the Trustee a second interim allowance of eighty-five (85%) percent of the commission sought in the amount of $90,165.09, and one-hundred (100%) percent of the expenses sought in the amount of $1,630.86 [DE 415]. The awarded second interim commissions and expenses have been paid to the Trustee. The held-back commissions in

---

[1] The names and addresses of the individual partners who have settled with the Trustee have been redacted in order to maintain confidentiality.

connection with the second interim report total $15,911.49.

8. By application, dated June 27, 2012, the Trustee sought an award of third interim commissions in the amount of $21,856.50 and reimbursement of expenses in the amount of $2,154.14 for the period January 1, 2011 through September 30, 2011. By order dated July 23, 2012, the Court awarded the Trustee a third interim allowance of eighty-five (85%) percent of the commission sought in the amount of $18,578.03, and one-hundred (100%) percent of the expenses sought in the amount of $2,154.14 [DE 486]. The awarded third interim commissions and expenses have been paid to the Trustee. The held-back commissions in connection with the third interim report total $3,278.47.

9. By application, dated February 5, 2013, the Trustee sought an award of fourth interim commissions in the amount of $95,969.15 and reimbursement of expenses in the amount of $633.96 for the period October 1, 2011 through January 31, 2012. By order dated March 1, 2013, the Court awarded the Trustee a fourth interim allowance of eighty-five (85%) percent of the commission sought in the amount of $81,573.78, and one-hundred (100%) percent of the expenses sought in the amount of $633.96 [DE 552]. The awarded fourth interim commissions and expenses have been paid to the Trustee. The held-back commissions in connection with the fourth interim report total $14,395.37.

10. The Trustee did not seek an award of fifth interim commissions or reimbursement of expenses.

11. Likewise, the Trustee is not seeking an award of sixth interim commissions or expenses at this time. He will defer this request until a later time in this case.

12. The Trustee's professionals are not seeking payment of interim fees and expenses at this time. An estimated summary of the outstanding fees and expenses due the Trustee and his professionals is as follows:

| Applicant | Held-Back | Outstanding | Total |
|---|---|---|---|
| Yann Geron, Trustee | $ 37,000.00 | $ 518,000.00 | $ 555,000.00 |
| Fox Rothschild LLP (Counsel) | $ 572,000.00 | $ 903,000.00 | $1,475,000.00 |
| CBIZ Accounting, Tax & Advisory of New York, LLC (Accountants) | $ 381,000.00 | $1,014,000.00 | $1,395,000.00 |
| GlassRatner Advisory & Capital Group, LLC (Insolvency Expert) | $ 45,000.00 | $ 0.00 | $ 45,000.00 |
| | $1,035,000.00 | $2,435,000.00 | $3,470,000.00 |

**Application for Authorization to Make an Interim Distribution to the Employee Class**

13. By order dated February 1, 2016, this Court approved a settlement agreement (the "Agreement") between the Trustee and the class of former employees (the "Employee Class") which resolved the various claims asserted by these individuals against the bankruptcy estate, including, but not limited to, claims for alleged liability under the Worker Adjustment Retraining and Notification Act ("WARN") and alleged unpaid accrued but unused vacation time [DE 792]. The settlement was also approved by the United States District Court for the Northern District of California where the former employees had brought a class action suit against Debtor, styled *Bergman et al. v. Thelen LLP*, No. 08-cv-05322-LB. Among other things, the Agreement ultimately fixed the Section 507(a)(4) priority wage claims of the Employee Class in the amount of $3,997,744.59.

14. Recognizing that there will not be sufficient funds in the estate to pay in full the priority wage claims of the Employee Class, the Agreement generally provides for a distribution of the balance of the estate funds (after payment of allowed administrative expenses) to the Employee Class on or before 60 days after the Trustee's final report is approved by this

Court and the Trustee's proposed final distribution is approved by the Office of the United States Trustee. Bearing in mind that the drafting and approval of a final report takes time, particularly in a case as complicated as this one, the Agreement also allows the Trustee to make a discretionary interim distribution to the Employee Class based upon the estate economics pending final resolution of the estate.

15. By this Application, the Trustee seeks authorization to make a $1,500,000 interim distribution to the Employee Class pursuant to the terms of the Agreement. Based upon the amounts detailed herein, the proposed interim distribution would (a) leave sufficient funds in the estate to pay all outstanding administrative claims, (b) provide a sufficient reserve for ongoing administrative costs through the closing of this estate, and (c) provide for payment of the priority wage claims of the three individuals who opted-out of the Employee Class (to the extent allowed and consistent with the *pro-rata* distribution to be paid on account of allowed priority wage claims).

16. Section 105(a) of the Bankruptcy Code grants this Court the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title [the Bankruptcy Code]."

17. Because the proposed interim distribution to the Employee Class is consistent with the terms of the already approved settlement, it is a clear obligation of the Debtor's estate and it is appropriate for such payment to be made at this time. Accordingly, the Trustee submits that cause exists to enter the requested order authorizing him to make the $1,500,000 interim distribution.

      ***WHEREFORE***, the Trustee respectfully requests that this Court enter an order, substantially in the form annexed as <u>Exhibit B</u>, (i) approving the Interim Report and the Application, (ii) authorizing him to make the proposed interim payment to the Employee Class, and (iii) granting him such other and further relief as is just.

Dated:  New York, New York  
         March 30, 2017                    */s/ Yann Geron*  
                                              Yann Geron, Chapter 7 Trustee  
                                              c/o Fox Rothschild LLP  
                                              100 Park Avenue, 15th Floor  
                                              New York, NY 10017  
                                              (212) 878-7900